UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOODMONT RAMAPO LLC,

                Plaintiff,

-against-

ANTHONY PARKS,

                Defendant.

**ORDER**

25-CV-07533 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 10, 2025, Anthony Parks ("Defendant"), proceeding *pro se*, filed a Notice of Removal of a civil action from the Justice Court of the Town of Ramapo, County of Rockland ("Ramapo Justice Court"), to this Court. (Doc. 1). For the reasons set forth below, this matter is REMANDED to the Ramapo Justice Court.

## ANALYSIS

Defendant asserts that the nature of the action is a landlord-tenant case, and that the matter is properly removed to this court because the Ramapo Justice Court is not permitting Defendant to subpoena witnesses for the trial that was scheduled to proceed on September 11, 2025, thereby violating Defendant's Fourteenth Amendment rights. (Doc. 1 ¶¶ 2, 3, 9, 12, 13). The Notice of Removal includes copies of the following documents, attached thereto as exhibits: (1) an e-mail from Woodmont Hills Vice President of Property Management dated March 2, 2021 (*id*. at 6-8);[1] (2) an e-mail from Plaintiff's counsel to Defendant dated February 25, 2022 (*id*. at 9-10); and a notice from the Ramapo Justice Court advising of the next court session scheduled in the action for September 11, 2025 (the "Ramapo Justice Court Notice") (*id*. at 11-12). Defendant does not

---

[1] Citations to specific pages of the Notice of Removal and Ex. A correspond to the pagination generated by ECF.

set forth any basis for the propriety of this Court's exercise of subject matter jurisdiction over this removed landlord-tenant proceeding. Nor has Defendant attached "a copy of all process, pleadings, and orders served" upon him in the Ramapo Justice Court proceeding.

Under 28 U.S.C. § 1441, defendants may remove any civil action brought in state court over which federal courts have "original jurisdiction." This means that "[o]nly state-court actions that originally could have been filed in federal court may be removed [to federal court] by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." C*aterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

The "statutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and "out of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods.*, 488 F.3d 112, 124 (2d Cir. 2007).

To invoke federal question jurisdiction, the petitioner's claims in the state court action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, under the "well-pleaded complaint" rule:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Thus, a case "'arises under' federal law only when . . . a 'federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *MB Fin. Bank, N.A. v. 56 Walker, LLC*, No. 11-

CV-05538, 2011 WL 6338808, at *2 (S.D.N.Y. Dec. 19, 2011) (state law foreclosure claim did not present any federal question).

Although Defendant did not annex the pleadings to his removal (rendering the Notice of Removal procedurally deficient), the Notice of Removal explains that Ramapo Justice Court action is for past-due rent. Defendant's own articulation of the federal claim purportedly raised herein is not one alleged in the Ramapo Justice Court action itself. Rather, Defendant independently makes federal claims that his Fourteenth Amendment rights are being violated by the Ramapo Justice Court.

To the extent Defendant believes the matter is removable on the basis of his defenses to the Ramapo Justice Court, raising a defense grounded in federal law is not sufficient, as:

> A defense is not part of a plaintiff's properly pleaded statement of his or her claim. Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 14). Thus, to the extent Plaintiff's assertions of purported federal jurisdiction are based upon defenses to the Ramapo Justice Court action, they do not establish the propriety of this Court's jurisdiction.

"At all times the party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006). Defendant has failed to meet his burden of showing the grounds upon which removal is based and which confer subject matter jurisdiction. Thus, for the above reasons, and as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274

(2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the Court holds that removal is improper, and the action is remanded to Ramapo Justice Court.

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant has failed to satisfy his burden of establishing that removal of the Ramapo Justice Court action is proper and therefore remands this action to the Ramapo Justice Court.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Justice Court of the Town of Ramapo, County of Rockland, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
      September 17, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge